*Ex parte* JOHN O. HAINES.

*In re* FREDERICK HOYT and another.

Somerset.    Opinion August 6, 1884.

*Insolvent law.   Composition.   Discharge.   Appeal.   R. S., c. 70, § 62.*

An appeal does not lie to the Supreme Judicial Court from a decree of a judge of the court of insolvency, granting a discharge to an insolvent debtor who has made a composition with creditors under R. S., c. 70, § 62.   The remedy for a creditor contesting the discharge is by an action as provided by that section.

ON EXCEPTIONS.

An appeal from the decree of the judge of the court of insolvency granting a discharge to the insolvents under R. S., 1883, c. 70, § 62. The presiding justice at *nisi prius* ruled that no appeal lies to such a decree, and to this ruling the appellant · alleged exceptions.

*J. Wright*, for the appellant.

*E. N. Merrill*, for the insolvents.

PETERS, C. J. The question presented is, whether an appeal lies to this court from a decree of a judge of insolvency, granting the discharge of an insolvent debtor who makes a composition with creditors under § 62 of c. 70 of the R. S., of 1883. We think no appeal lies.

By § 12 of such chapter it is provided that "no appeal in insolvency lies in any case arising under this chapter, unless specially provided for herein."

Appeals are specially provided for, in the matter of a debtor's discharge, under § § 44 and 49, but those sections do not seem to be appropriate or applicable to a composition under § 62. The latter is a special and not the common and ordinary proceeding. In ·lieu of an appeal under § 62, a special and stringent remedy of another sort is provided. An action to recover his debt is allowed to any creditor who deems himself defrauded. This privilege is not accorded to creditors under any other provision of the insolvency law.

There are, apparently, good reasons for granting a special rather than the general remedy for cases falling under § 62. A composition is a voluntary compromise, in which each creditor acts for himself, rather than for all the creditors. The debtor must make payment of the percentage, or secure it, before his discharge is obtainable. He needs the use and possession of his estate to enable him to do so. One creditor may have been induced by fraudulent means to 'agree to the compromise, and it be otherwise with creditors generally. One creditor may be satisfied with the result, and another not so. We think in a majority of cases it would put difficulties in the way of composi-

tion proceedings, if the debtor might be sent to an appellate court before a discharge is finally granted to him.

Besides the remedy by action, each creditor acting by himself, the equitable jurisdiction of the court can be invoked in proper cases, the court having under the insolvency law ample powers in that respect. *Twitchell* v. *Blaney*, 75 Maine, 577.

*Exceptions overruled.*

WALTON, DANFORTH, LIBBEY, EMERY and FOSTER, JJ., concurred.